SHORES, Justice.
This is an appeal from a judgment entered in favor of the State of Alabama in an action to condemn a vehicle and forfeit it to the State of Alabama pursuant to the Uniform Certificate of Title and Antitheft Act, Ala.Code 1975, § 32-8-2 et seq. Particularly, the State proceeded pursuant to §§ 32-8-86(h), -(/), and 32-8-87. We affirm.
The trial court found that the vehicle was in the possession of Richard Lowom on February 20,, 1986, when it was seized. At the time the vehicle was taken, its identification numbers had been altered or removed.
The appellant, Jerrell Barton, d/b/a J.B. Motors, alleged that he purchased the vehicle from Petey Ellis Automotive as a wrecked or salvage vehicle, and that he has title that has not been transferred. Barton also alleged that the vehicle and component parts were delivered to Richard Lowom for repairs, and that, at the time the vehicle was seized, it was in the possession of Lovvorn for the purpose of being repaired.
Section 32-8-86(h) allows law enforcement officials to seize any “vehicle, engine, transmission, or other identifiable component part, wherein the identification number ... appear[s] to be altered, or removed.” In the instant case, it is undisputed that the numbers had been altered or removed. Therefore, the vehicle was properly seized and detained.
Section 32 — 8—86(j) provides that any vehicle that has been reported stolen and has been recovered may be returned to the owner upon proper ownership documentation. However, if the ownership is in question, the recovered vehicle “shall be returned subject only to the orders of a circuit court having jurisdiction of the matter.” The trial court found the ownership to be in question because there was no evidence of compliance with § 32-8-87(a), (e), or (f). Therefore, the trial court ordered that any claim to the vehicle would be forever barred.
The appellant argues that the vehicle was not subject to forfeiture because he provided documentation of ownership. His documentation consists of a bill of sale *1345 for the salvage vehicle, and a bill of sale for a cowl, a component part. This is not conclusive evidence of ownership, and, after reviewing the record, we cannot hold that the trial court erroneously decided this factual issue, especially in light of the fact that the appellant made no attempt to acquire a certificate of title.
The appellant also contends that the identification numbers were removed pursuant to a requirement of law. It is true that § 32-8-87(a) requires the removal of the identification number plate in certain situations; however, the appellant fails to recognize that the same statute requires that the identification number plate be mailed or delivered to the Department of Revenue within 72 hours after the removal. See Ala.Code, § 32-8-87(a). Because this statutory requirement was not satisfied, it was reasonable for the trial judge to infer that the identification numbers were not removed with the intent to comply with the statute.
Based on the foregoing, we are of the opinion that the judgment appealed from is due to be affirmed.
AFFIRMED.
TORBERT, C.J., and JONES, ADAMS and STEAGALL, JJ., concur.